■ In the Matter of DAVID M. HINTON, Petitioner, v JASON TURNER et al., Respondents. [743 NYS2d 712] —Determination of respondent State Office of Temporary and Disability Assistance, dated December 7, 1999, which, after a fair hearing, held that respondent City Human Resources Administration correctly determined petitioner's public assistance and food stamp benefits beginning as of August 1, 1999, unanimously confirmed, the petition denied and the proceeding brought pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, New York County [Edward Lehner, J.], entered August 25, 2000), dismissed, without costs.

Petitioner claims that he has not been receiving the correct amount of benefits since 1973. In a decision after fair hearing dated July 30, 1999, respondent State determined that petitioner failed to show that his benefits were incorrectly calculated. Petitioner then requested another fair hearing to challenge the calculation of his benefits since 1992. In a decision after fair hearing dated December 7, 1999, respondent State determined that the prior decision after fair hearing precluded review of the amount of petitioner's benefits for any period prior to August 1999, and that the amount petitioner has been receiving since August 1999 is correct. Petitioner filed an article 78 proceeding on April 7, 2000, which was dismissed as time-barred insofar as it challenged the July 30, 1999 determination, and transferred to this Court insofar as it challenged the December 7, 1999 determination. No appeal has been taken from the dismissal of the portion of the proceeding challenging the July 30, 1999 determination, and thus that determination

is not before us. The December 7, 1999 determination correctly held that the July 30, 1999 determination estopped petitioner from challenging his pre-August 1999 benefits (18 NYCRR 358-6.1 [b]; *see, Allied Chem. v Niagara Mohawk Power Corp.*, 72 NY2d 271, 276-277, *cert denied* 488 US 1005), and is supported by substantial evidence of petitioner's post-July 1999 needs and income. Indeed, at the fair hearing petitioner did not purport to challenge such evidence, but instead relied on a 1993 decision after fair hearing stating that his benefits were incorrect and had to be recalculated as of January 1, 1973. However, as indicated, petitioner was given a full and fair opportunity to litigate his benefits history at the fair hearing conducted in or about July 1999, and was collaterally estopped from doing so at the fair hearing conducted in or about December 1999. Concur—Nardelli, J.P., Mazzarelli, Sullivan, Rosenberger and Marlow, JJ.